IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

IN RE: ETHICON, INC.
      PELVIC REPAIR SYSTEM                     MDL NO. 2327
      PRODUCTS LIABILITY LITIGATION

THIS DOCUMENT RELATES TO:

*Meredith Ann Parrish v. Ethicon, Inc., et al.*         Civil Action No. 2:13-cv-02622

**MEMORANDUM OPINION & ORDER**

Pending before the court is Defendants' Motion to Dismiss with Prejudice [ECF No. 28] filed by defendants Ethicon, Inc. and Johnson & Johnson (collectively "Ethicon"). The plaintiff has not responded, and the deadline for responding has expired. Thus, this motion is now ripe for my review. For the reasons stated below, Ethicon's Motion [ECF No. 28] is **DENIED**.

**I.    Background**

This case resides in one of seven MDLs assigned to me by the Judicial Panel on Multidistrict Litigation concerning the use of transvaginal surgical mesh to treat pelvic organ prolapse and stress urinary incontinence. In the seven MDLs, there are over 50,000 cases currently pending, approximately 30,000 of which are in the Ethicon MDL, MDL 2327. Managing multidistrict litigation ("MDL") requires the court to streamline certain litigation procedures in order to improve efficiency for the parties and the court. Some of these management techniques simplify the parties' responsibilities.

Pretrial Order ("PTO") # 251 provides that plaintiffs in 400 cases in this MDL, including this case, were required to submit a Plaintiff Fact Sheet ("PFS") on or before May 25, 2017, file expert disclosures on or before July 27, 2017, and submit to a deposition on or before September

25, 2017. See PTO # 251 at ¶ A, No. 2:12-md-2327, entered Apr. 27, 2017 [ECF No. 3748]. PTO # 17 establishes what must be included in the PFS and provides that, "[a]ny plaintiff who fails to comply with the PFS obligations under this Order may, for good cause shown, be subject to sanctions, to be determined by the court, upon motion of the defendants." PTO # 17 at ¶ 2(d), No. 2:12-md-2327, entered Oct. 4, 2012 [ECF No. 281].

Here, as of the date of this order, the plaintiff has not submitted a completed PFS, has not disclosed her experts, and has not communicated with Ethicon to schedule her deposition. Ethicon now moves for sanctions against the plaintiff for failure to comply with PTO # 251 and PTO # 17, specifically seeking dismissal of the plaintiff's case for failure to serve a complete PFS.

## II. Legal Standard

Federal Rule of Civil Procedure 37(b)(2) allows a court to sanction a party for failing to comply with discovery orders. The dismissal of an action is an example of a possible sanction under this rule. Before employing this severe sanction, however, a court must balance the competing interests of the "court's desire to enforce its discovery orders," on the one hand, and "the [plaintiff's] rights to a trial by jury and a fair day in court," on the other. *Mut. Fed. Sav. & Loan v. Richards & Assocs.*, 872 F.2d 88, 92 (4th Cir. 1989). The Fourth Circuit has identified four factors for the court to consider when confronting a motion to dismiss under Rule 37:

> (1) Whether the noncomplying party acted in bad faith; (2) the amount of prejudice his noncompliance caused his adversary, which necessarily includes an inquiry into the materiality of the evidence he failed to produce; (3) the need for deterrence of the particular sort of noncompliance; and (4) the effectiveness of less drastic sanctions.

*Id.* (citing *Wilson v. Volkswagen of Am., Inc.*, 561 F.2d 494, 503–06 (4th Cir. 1977)).

In applying these factors to the case at bar, I must be particularly cognizant of the realities of multidistrict litigation and the unique problems an MDL judge faces. Specifically, when

handling seven MDLs, each containing thousands of individual cases, case management becomes of utmost importance. *See In re Phenylpropanolamine Prods. Liab. Litig.*, 460 F.3d 1217, 1231 (9th Cir. 2006) (emphasizing the "enormous" task of an MDL court in "figur[ing] out a way to move thousands of cases toward resolution on the merits while at the same time respecting their individuality"). I must define rules for discovery and then strictly adhere to those rules, with the purpose of ensuring that pretrial litigation flows as smoothly and efficiently as possible. *See id.* at 1232 ("[T]he district judge must establish schedules with firm cutoff dates if the coordinated cases are to move in a diligent fashion toward resolution by motion, settlement, or trial."); *see also* Fed. R. Civ. P. 1 (stating that the Federal Rules of Civil Procedure "should be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding"). In turn, the parties must collaborate with the court "in fashioning workable programmatic procedures" and cooperate with these procedures thereafter. *Id.* at 1231–32.

Pretrial orders—and the parties' compliance with those orders and the deadlines set forth therein—"are the engine that drives disposition on the merits." *Id.* at 1232. And a "willingness to resort to sanctions" in the event of noncompliance can ensure that the engine remains in tune, resulting in better administration of the vehicle of multidistrict litigation. *Id.*; *see also Freeman v. Wyeth*, 764 F.3d 806, 810 (8th Cir. 2014) ("The MDL judge must be given 'greater discretion' to create and enforce deadlines in order to administrate the litigation effectively. This necessarily includes the power to dismiss cases where litigants do not follow the court's orders.").

III. **Discussion**

Pursuant to PTO # 251, the plaintiff was required to submit a completed PFS by May 25, 2017. The purpose of the PFS, as was the case in *In re Phenylpropanolamine*, is "to give each defendant the specific information necessary to defend the case against it . . . [because] without

3

this device, a defendant [is] unable to mount its defense because it [has] no information about the plaintiff or the plaintiff's injuries outside the allegations of the complaint." 460 F.3d at 1234. As of the date of this Order, the plaintiff has not submitted a complete PFS, making it 148 days late.

Ethicon asks the court to dismiss the plaintiff's case with prejudice. Applying the *Wilson* factors to these facts, and bearing in mind the unique context of multidistrict litigation, I conclude that although recourse under Rule 37 is justified, the plaintiff should be afforded one more chance to comply with discovery before further sanctions are imposed.

The first factor, bad faith, is difficult to ascertain, given that the plaintiff did not respond. The plaintiff, who is represented by counsel, failed to comply with PTO # 251, failed to respond to Ethicon's motion to dismiss, and as of today has provided no indication that she intends to submit a PFS, expert disclosures, or submit to her deposition.. Although these failures do not appear to be callous, the fact that they were blatant and in full knowledge of the court's orders and discovery deadlines leads me to weigh the first factor against the plaintiff. *See In re Guidant Corp. Implantable Defibrillators Prods. Liab. Litig.*, 496 F.3d 863, 867 (8th Cir. 2007) ("While not contumacious, perhaps, this is a blatant disregard for the deadlines and procedure imposed by the court, [and t]herefore, we conclude that the [plaintiffs] did not act in good faith.").

The second factor—prejudice caused by noncompliance—also leans toward the order of sanctions. Without a complete PFS, Ethicon is "unable to mount its defense because it [has] no information about the plaintiff or the plaintiff's injuries outside the allegations of the complaint." *In re Phenylpropanolamine*, 460 F.3d at 1234. Furthermore, because Ethicon has had to divert its attention away from timely plaintiffs and onto this case the delay has unfairly affected the progress of the remaining plaintiffs in MDL 2327.

The adverse effect on the management of the MDL as a whole segues to the third factor, the need to deter this sort of noncompliance. When parties fail to comply with deadlines provided in pretrial orders, a domino effect develops, resulting in the disruption of other MDL cases. In addition, the court expects to have to evaluate and dispose of a significant number of motions similar to the one at bar, thereby directing its time and resources to noncompliant plaintiffs at the expense of other plaintiffs in this MDL. This cumbersome pattern goes against the purpose of MDL procedure, and I must deter any behavior that would allow it to continue. *See* H.R. Rep. No. 90-1130, at 1 (1967), *reprinted in* 1968 U.S.C.C.A.N. 1898, 1901 (stating that the purpose of establishing MDLs is to "assure the uniform and expeditious treatment" of the included cases).

Application of the first three factors demonstrates that this court is justified in sanctioning the plaintiff. However, application of the fourth factor—the effectiveness of less drastic sanctions—counsels against the relief sought by Ethicon. Rather than imposing harsh sanctions at this time, the court opts for a lesser sanction and allows the plaintiff one more chance to comply with PTO # 251 and PTO # 17 subject to dismissal with prejudice, upon motion, if the plaintiff fails to do so.

Alternative lesser sanctions, such as the ones outlined in Rule 37(b)(2)(A)(i–iv), are impracticable, and therefore ineffective, in the context of an MDL containing approximately 30,000 cases. The court cannot spare its already limited resources enforcing and monitoring sanctions that are qualified by the individual circumstances of each case, nor would it be fair for the court to place this responsibility on Ethicon. Therefore, considering the administrative and economic realities of multidistrict litigation, I conclude that affording the plaintiff a final chance to comply with discovery, subject to dismissal with prejudice if they fail to do so, is a "just order" under Rule 37 and in line with the Federal Rules of Civil Procedure as a whole. See Fed. R. Civ.

P. 1 (stating that the Rules "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding").

IV.     **Conclusion**

It is **ORDERED** that Ethicon's Motion to Dismiss and Other Sanctions [ECF No. 25] is **DENIED**. It is further **ORDERED** that the plaintiff has **30 days** from the entry of this Order to submit to Ethicon a completed PFS with verifications and authorizations, a complete list of experts, and a date for her deposition. The plaintiff is reminded that the PFS and other forms relevant to participating in this MDL are available at http://www.wvsd.uscourts.gov/MDL/ethicon/forms.html. **Failure to comply with this Order may result in dismissal with prejudice upon motion by Ethicon**.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER:     October 20, 2017

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE